UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSBANDS FOR RENT, INC., <br><br>　　　　Plaintiff(s), <br><br>　　v. <br><br>HANDY HUSBANDS FOR RENT, INC., <br><br>　　　　Defendant(s). | No. C04-1603 BZ <br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

　　　Plaintiff Husbands for Rent, Inc. brought this infringement action against defendant Handy Husbands for Rent, Inc.  Defendant failed to timely respond to plaintiff's Request for Admissions, Set One, due by April 7, 2005, failed to respond at all to plaintiff's Request for Admissions, Set Two, served April 8, 2005 and never sought relief from its failures.  The court granted plaintiff's motions in limine to exclude any testimony or documents offered by defendant to contradict or vary responses deemed admitted by defendant's failures, establishing defendant's liability for infringement and dilution of its service mark.  Plaintiff waived its remaining claims, and although the court gave defendant an

1

1  opportunity to file any opposition to plaintiff's motions in
2  limine and to file motions requesting relief from its prior
3  defaults if defendant so desired, it failed to do so.  This
4  left plaintiff's award as the only issue for trial.  Following
5  a court trial held on February 13, 2006, and after considering
6  and weighing all the evidence and parties' arguments, and
7  having assessed the credibility of the witnesses, the court
8  enters the following findings of fact and conclusions of law
9  as required by Fed. R. Civ. P. 52(a):

**FINDINGS OF FACT**

1.  Plaintiff Husbands For Rent, Inc. was incorporated in California in 1998.

2.  Plaintiff is a licensed general contractor based in Roseville and performs a variety of general contracting, reconstruction, and light repair work in eleven Northern California counties, including Contra Costa County.

3.  On November 20, 2002, plaintiff obtained California Service Mark No. 056969, granting plaintiff the exclusive right to use the service mark "Husbands for Rent" in California.

4. Prior to 2001, Franklin Douglas Ring, Jr., had been doing business in Oregon as Husbands for Rent.  Late that year, he moved to California and set up his construction and home repair business in Brentwood, in Contra Costa County. Mr. Ring searched for others who might have rights to the name "Husbands for Rent" and found only one entity in New York.

5.  Plaintiff did not turn up in Mr. Ring's search, presumably because plaintiff was not listed in the Yellow

1   Pages, had no website, and did not advertise extensively.

2        6.   Mr. Ring incorporated defendant in California on
3   November 17, 2003 as California Husbands for Rent.  Mr. Ring
4   originally tried to incorporate as Husbands for Rent but
5   changed the name after being told by the registrar that a
6   company named Husbands for Rent already existed.  Mr. Ring
7   thought defendant legally could use the name California
8   Husbands for Rent.  Mr. Ring served as defendant's president.

9        7.   Defendant did not know about plaintiff's infringement
10  and dilution claims until it received plaintiff's letter dated
11  April 1, 2004 notifying defendant of plaintiff's service mark
12  and requesting that defendant cease use of the names Husbands
13  for Rent or California Husbands for Rent.

14       8.   Following plaintiff's letter dated April 1, 2004,
15  California Husbands for Rent changed its name to Handy
16  Husbands for Rent.

17       9.   Plaintiff sent a letter dated April 15, 2004,
18  informing defendant that the name Handy Husbands for Rent also
19  infringed on plaintiff's service mark and requesting that
20  defendant cease use of the name Husbands for Rent or any
21  similar name.  However, defendant continued to use Husbands
22  for Rent and Handy Husbands for Rent.

23       10.  As of April 15, 2004, defendant was operating a
24  website at http://www.husbandsforrent.net with the phrase
25  "Copyright © 2001-2004 Husbands For Rent™".

26       11.  Mr. Ring has in the past operated and currently
27  operates a website at http://www.handyhusbandsforrent.com, and
28  an identical website at http://husbands2go.com, both of which

include the phrase "Copyright © 2001-2005 Husbands For Rent™".

12.  Mr. Ring has in the past driven and currently drives a truck with the name "Husbands for Rent" stenciled on the sides and a license plate stating "HFR."

13.  Plaintiff commenced this action on April 26, 2004 against defendant, alleging infringement and dilution of its mark under state and federal law, and unfair business practices under Cal. Business and Professions Code § 17200 et seq.

14.  By failing to timely respond to plaintiff's Request for Admissions, Set One, defendant admitted that it was infringing on plaintiff's registered service mark.

15.  By failing to timely respond to plaintiff's Request for Admissions, Set One, defendant admitted that it was diluting plaintiff's registered service mark.

16.  By failing to timely respond to plaintiff's Request for Admissions, Set One, defendant admitted that it was causing confusion in the marketplace regarding the source of origin of Husbands for Rent's services.

17.  By failing to timely respond to plaintiff's Request for Admissions, Set One, defendant admitted that it was attempting to sell franchises in Husbands for Rent, Inc.

18.  By failing to timely respond to plaintiff's Request for Admissions, Set One, defendant admitted that it did not use the name Husbands for Rent prior to 2002.

19.  Mr. Ring dissolved defendant on August 10, 2004 for several reasons, including the burden and worry of this

4

1 | lawsuit, corporate bookkeeping and annual corporation fees.

2 |     20.   Plaintiff introduced no evidence that it was damaged by defendant's use of its names or that defendant benefitted from such use.

    21.   While it was in business, defendant generated $5,000 per month in gross revenues.

    22.   Defendant did not introduce any evidence of expenses or costs to be deducted from its gross revenues. The court did not attach much weight to Mr. Ring's testimony that his annual net proceeds were below $10,000 for each of 2003 and 2004 for a number of reasons. It was not clear whether Mr. Ring was testifying about himself or defendant and he offered no records or specific information to support his conclusory statement.

    23.   Plaintiff did not sue Mr. Ring in this action. Mr. Ring personally filed a bankruptcy proceeding under Chapter 13 in October 2002, which was converted to a Chapter 7 proceeding in September 2005. Plaintiff affirmed that it seeks relief only against defendant and not against Mr. Ring, presumably because any such effort would likely be prohibited by the bankruptcy stay.

## **CONCLUSIONS OF LAW**

    1.   The court has jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The matter arises under 15 U.S.C. § 1125 and Cal. Business and Professions Code §§ 14320, 14330 and 17200.

    2.   Defendant has infringed plaintiff's registered

5

1 service mark in violation of Cal. Business and Professions
2 Code § 14320.
3     3.   Plaintiff's certificate of registration of its
4 service mark is *prima facie* evidence of the validity of its
5 mark. <u>California Security Alarms v. Escobar's Security Plus
6 Alarm Systems, Inc.</u>, 1996 WL 580841 at * 2 (N.D. Cal., Sept.
7 30, 1996).
8     4.   Proof of California statutory infringement is
9 sufficient to sustain a claim of unfair competition under
10 California law. <u>Century 21 Real Estate Corp. v. Sandlin</u>, 846
11 F.2d 1175, 1180 (9th Cir. 1988). Therefore, defendant is
12 liable for unfair competition in violation of Cal. Business
13 and Professions Code § 17200, et seq.
14     5.   While defendant admitted diluting plaintiff's service
15 mark, plaintiff produced no evidence that its mark is strong
16 and well-recognized. <u>Accuride International, Inc. v. Accuride
17 Corp.</u>, 871 F.2d 1531, 1539 (9th Cir. 1989).
18     6.   To prevail on its claim that defendant violated 15
19 U.S.C. § 1125 and on its state infringement and unfair
20 competition claims, plaintiff must show that defendant's use
21 in commerce of the names Husbands for Rent, California
22 Husbands for Rent and Handy Husbands for Rent was likely to
23 cause confusion. 15 U.S.C. § 1125(a)(1)(A). <u>Century 21</u>, 846
24 F.2d at 1178 ("The 'ultimate test' for unfair competition is
25 exactly the same as for trademark infringement: 'whether the
26 public is likely to be deceived or confused by the similarity
27 of the marks.'"). <u>California Security Alarms</u>, 1996 WL 580841
28 at * 2.

6

1        7.   In the Ninth Circuit eight factors are relevant in
2   determining the likelihood of confusion:  strength of the
3   mark, proximity of the goods, similarity of the marks,
4   evidence of actual confusion, marketing channels used, type of
5   goods and the degree of care likely to be used by the
6   purchaser, defendant's intent in selecting the mark and
7   likelihood of expansion of the product lines.  AMF v.
8   Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979).
9        8.   Four factors (strength of the mark, marketing
10  channels used, defendant's intent in selecting the mark and
11  the degree of care likely to be used by the purchaser) are
12  either undeveloped in the record or favorable to defendant.
13  They do not show a likelihood of confusion.  The other factors
14  (proximity of the goods, similarity of the marks, evidence of
15  actual confusion, type of goods and likelihood of expansion of
16  the product lines) are favorable to plaintiff.
17       9.   The following show the likelihood of confusion
18  between plaintiff's mark and defendant's name:  Both defendant
19  and plaintiff provided the same general contracting,
20  reconstruction and light repair work services in Northern
21  California, including Contra Costa County.  The names Husbands
22  for Rent, California Husbands for Rent and Handy Husbands for
23  Rent are similar since only one word distinguishes them.  Not
24  only has defendant admitted it was causing confusion in the
25  marketplace regarding the source of origin of Husbands for
26  Rent's services, but actual confusion occurred as evidenced by
27  the calls plaintiff received, including complaints from
28  defendant's customers who thought that plaintiff was

1 defendant.  Finally, by admission and past announcements on
2 its website, defendant has attempted to sell franchises in
3 Husbands for Rent, Inc.
4        10.   Although there is no evidence that defendant and
5 plaintiff used the same marketing channels, for websites
6 especially, businesses use variations of their names as their
7 addresses, and customers could have easily confused or
8 mistaken defendant's websites as being associated with
9 plaintiff.
10       11.   Defendant's use of Husbands for Rent, California
11 Husbands for Rent and Handy Husbands for Rent was likely to
12 cause confusion or mistake in violation of 15 U.S.C. §
13 1125(a)(1)(A) and state infringement and unfair competition
14 laws.
15       12.   To prevent a violation of 15 U.S.C. § 1125(a) and
16 state infringement laws, the court may grant an injunction.
17 15 U.S.C. § 1116 and Cal. Business and Professions Code §
18 14335.  "Injunctive relief is the remedy of choice for
19 trademark and unfair competition cases . . . ."  Century 21,
20 846 F.2d 1180.
21       13.   Accordingly, defendant, its agents, servants,
22 employees and attorneys and all persons in active concert or
23 participation with them, including but not limited to Mr.
24 Ring, shall be permanently enjoined from using plaintiff's
25 "Husbands for Rent" service mark in any manner within the
26 territorial boundaries of California.
27       14.   When trademark infringement under 15 U.S.C. §
28 1125(a) has been established, "plaintiff shall be entitled ...

8

subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). In proving profits, plaintiff need only prove defendant's sales; defendant bears the burden of proving all elements of cost or deductions claimed. Id.

15. Plaintiff has proved defendant's monthly gross revenues of $5,000. Defendant has not proved its costs. Exercising my equitable powers, I conclude plaintiff is entitled to defendant's profits for the period starting April 1, 2004, when defendant received plaintiff's letter notifying defendant of plaintiff's rights in its service mark, through August 10, 2004, when defendant was dissolved.[1] A dissolved corporation does not engage in business and cannot have profits. The total due plaintiff is $21,500.[2]

16. Plaintiff seeks an award of treble profits under 15 U.S.C. § 1117(b) which mandates such an award absent "extenuating circumstances" if plaintiff establishes a violation of section 1114(1)(a) that consists of knowingly

---

[1] Although plaintiff seeks profits up to the date of trial, it has provided no authority, and the court has found none, entitling it to obtain profits from a dissolved corporation for acts that occurred long after dissolution. The profits it seeks are not for acts committed during the winding up of the corporation, since there was no evidence introduced that the corporation was still being wound up at the time of trial. See Penasquitos, Inc. v. Superior Court, 53 Cal.3d 1180, 1189 (1991). To the extent Mr. Ring may have continued to infringe subsequent to defendant's dissolution, that does not create a corporate liability and Mr. Ring is not being sued. Southwestern Const. Co. V. Robbins, 248 Ala. 367 (1946).

[2] Profits for four-and-one-third months (April, May, June, July and 10 days in August) at a monthly rate of $5,000 amount to 4.3 x $5,000, or $21,500.00.

9

using a counterfeit registered mark.

17.  Having failed to present evidence that its mark was registered on the Principal Register, plaintiff has not established that defendant violated 15 U.S.C. § 1114(1)(a). Nor has plaintiff established that defendant knowingly used a counterfeit mark.  See also U.S. Structures, Inc. v. J.P. Structures, Inc., 130 F.3d 1185, 1192 (6th Cir. 1997)(a holdover franchisee's unauthorized use of the franchisor's original trademark did not constitute counterfeiting for purposes of awarding attorney's fees under 15 U.S.C. § 1117(b)).

18.  Even had plaintiff established a predicate violation, extenuating circumstances exist such that treble profits are not warranted.  Plaintiff has not established that defendant acted willfully or deceitfully in infringing plaintiff's service mark.  Prior to incorporating defendant, Mr. Ring conducted an investigation to determine whether anyone was using the name Husbands for Rent and did not find plaintiff.  Upon learning that plaintiff existed when he applied for incorporation in 2003, Mr. Ring made a good faith, albeit misguided, effort to comply with the law by changing the name to California Husbands for Rent.  When it received notice that it was infringing plaintiff's service mark on April 1, 2004, defendant again tried to stop infringing by changing its name to Handy Husbands for Rent.  Defendant was dissolved shortly thereafter.  Nor has plaintiff shown that defendant benefitted from its use of plaintiff's mark.  See Break-away Tours, Inc. v. British Caledonian Airways, 704

10

1  F.Supp. 178, 182 (S.D. Cal., Jun. 3, 1988).  Defendant may
2  have been misguided but it was not willful or deceitful.  The
3  absence of a deliberate intent to deceive, of bad faith or of
4  fraudulent behavior on defendant's part are extenuating
5  circumstances.  Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400,
6  1409 (9th Cir. 1993).

7      19.  Under state law, the court has discretion to award
8  plaintiff up to three times defendant's profits.  Cal.
9  Business and Professions Code § 14340.  Considering the
10 extenuating circumstances described above, the court elects
11 not to award treble profits for infringement under state law.

12      20.  In exceptional cases, the court may award reasonable
13 attorney's fees.  15 U.S.C. § 1117(a).  This is not an
14 exceptional case.  Defendant was a small corporation
15 concentrating its business in Northern California.  There is
16 no evidence that defendant acted willfully or in bad faith.
17 While defendant did disregard a number of discovery rules and
18 court orders, to the extent it is attributable to defendant,
19 it has been adequately sanctioned by the findings of
20 liability, which substantially reduced plaintiff's trial
21 burden.  To the extent this disregard is attributable to
22 defense counsel, the court intends to address it separately.
23 Therefore, plaintiff will not be awarded attorney's fees.

24      21.  Judgment will be for plaintiff Husbands for Rent,
25 Inc. and against defendant Handy Husbands for Rent, Inc. in
26 ///
27 ///
28 ///

accordance with these findings and conclusions.

Dated: February 23, 2006

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\HUSBANDS\FINDINGS OF FACT AND LAW3.wpd